23-57 Associated Industries Insurance v. Klein-Hendler. Good morning, your honors. Good morning, Mr. Klein-Hendler. And you've reserved one minute for rebuttal. Yes, ma'am. This is an insurance coverage case. And there are many allegations in the underlying complaint. The allegations begin in 2013 when it's alleged that the appellant, myself, improperly advised Mr. Appelstein about taking a deal from Mr. Jaroway in 2013 to purchase his property for $8 million. Subsequently, in maybe 2014, supposedly appellant again improperly advised Mr. Appelstein to purchase his property for $8 million. Subsequently, in maybe 2014, supposedly appellant again improperly advised Mr. Appelstein to reject a $12 million offer. Fast forward now to 2017, when this 1,000-acre property was sold from Mr. Appelstein's entity, Diatomite, to a corporation that was only formed in 2017, Virginia True. That is the transaction that the district court focused on. And that is the transaction that the district court held applied the Business Enterprise Accountability Act. And there was no exclusion of the policy, too. However, the law in New York is clear that if there is any possible claim in the underlying complaint that is covered by the insurance, the carrier must cover the entire case. There is no way to argue that the 2013 conduct that the appellant is accused of isn't any way related to the 2013 conduct. Counsel, suppose the complaint makes clear that it is bringing to the basis of what is excluded. But in the background discussion, it talks about things that could have been the basis of another complaint. Is that enough, even under the very broad New York rule about the case? No, Your Honor. No, absolutely not, because New York law and its cited threat. Your Honor, New York law is clear that this is a 12C motion. This was judgment on the pleadings. On a judgment on the pleadings, the court must search the entire complaint to determine whether there is any possible cause of action that is covered. You do not go by what the insurer's view of the complaint is. You do not go by the complainant's view of the complaint. But like a 12B6 motion, you have to draw all inferences in favor of the non-moving party, and you must construe the exclusion narrowly. So what is the claim here? That wouldn't involve the 2017 foreign business entity. In 2013, the appellant, me, was apparently accused of providing bad advice to Appelstein. Do not sell your property to Mr. Jarrell. There was no Virginia True. I was not a member of any organization. Is that a separate fraud claim? Yeah, they include it as one of the bases of the misrepresentations in their fraud claim. Plus, Your Honor, every cause of action restates all the prior causes of action, and in their prayer for relief, they ask the court for any relief that the court deems just and proper. And I've cited a D.C. Circuit case. I couldn't find a Second Circuit case. But Doe v. United States Department of Justice 753 F. 2nd 1092 specifically states that when the, and this is from the court, quote, when you ask for such other and further relief as the court may deem necessary and appropriate, you are in fact asking the court to grant any relief that can possibly emerge from the complaint, regardless of what the focus of the complainant is. That's undisputed black letter law, and this is a motion on the pleadings. Secondly, and separately from that, even if you look at the 2017 transaction, Your Honor, you must determine that my minority interest in the entity that purchased the property was the but-for cause of the alleged improper advice to sell the property without a mortgage, because that's the claim. He sold the property, took back a note that wasn't secured. The district court ruled on a motion on the pleadings that that was the but-for cause. Your Honor, I've cited Second Circuit case, Supreme Court case. That's a jury question. You can't make that determination on the pleadings. So there are two independent bases for reversal. One, if you look at the four corners of the complaint, which you have to, from any objective basis, not through the lens of the insurer or not through the lens of the plaintiff, there are independent claims here having that preceded the alleged business enterprise by four years. And second, you don't have but-for causation, even on the alleged complaining incident in 2017. Thank you, Mr. Kleinheimer. You do have one minute reserved for rebuttal. We'll hear from Ms. Gassler. Ms. Gassler, thank you, Your Honor. May it please the Court, my name is April Gassler and I'm here today on behalf of the Appley Associated Industries Insurance Company. And to respond to the points Mr. Kleinheimer made, I think that New York law is very clear that the arising out of phrase that precedes the exclusion here is very broad. It requires only but-for causation. And it's not a jury question. It's not a question of fact here. Because we're only looking at the underlying complaint. The question is, what does the underlying complaint allege? And every single cause of action asserted in that underlying complaint alleges that Mr. Kleinheimer labored under a conflict of interest because he was serving two masters at the same time. His client, Mr. Appelstein, and his company, Virginia True Corporation. So there's no separate claim involving any 2013 transaction or any potential transaction in 2015 or involving Mr. Jarawi. Counsel? Yes, Your Honor. Suppose we rule for you a net trial in the suit against the opponent. An argument is made with one of these side comments urging the complaint. That gives rise to liability of some form. Does that mean that at that point we come back and say this was misread? The complaint was broader? I don't believe so, Your Honor. Not only is that not our proceeding. So if this civil proceeding arises out of a conflicted interest on the part of the insured attorney, then coverage is precluded for the entirety of the claim, which here means the entire lawsuit. I also don't think that that would be a fair reading of the complaint as it was pleaded. There are no damages alleged in connection with those earlier transactions. And with regard to the first one, there's no allegation even that Mr. Kleinendler's advice was inaccurate or improper. There's one sentence much later in the complaint that says that his position, Mr. Kleinendler's position concerning the second offer by Mr. Jarawi was wrong or made misrepresentations, but it's all part and parcel of the alleged scheme to obtain the land for Virginia True. So I don't think that there is any separate cause of action that the complaint could be reasonably construed as alleging that's not somehow connected with this land transaction. Every cause of action asserts this conflict of interest. Every cause of action seeks damages in the amount of the unpaid mortgage and the unpaid loan that were the subjects of the 2017 transaction. And there are no separate damages or injuries alleged from earlier advice that Mr. Kleinendler may have in the overall scheme to acquire the land for himself and his company, Virginia True. So I mean, if there's a fraud allegation that predates the existence of Virginia True, you say as long as it's part and, what do you mean by it's part and parcel? What does that mean? The fraud, the claim, the claim is the fraud claim or the entire lawsuit, depending on how the court deems it appropriate to construe the policy language here. But in either case, that one wrongful act isn't a claim. It's a wrongful act. And the claim is that the land was acquired by Virginia True and that Mr. Appelstein suffered damages in the form of the unpaid mortgage. That didn't happen because of something that was said about a different transaction or potential transaction that was never consummated years before. Those damages happened because of the transaction that was consummated in 2017. And that's where the damages for the fraud claim arise. Unless the panel has any further questions, we'd be happy to leave the remainder to our briefs. Thank you. Mr. Carlin, I know you do have one minute for a book. Your Honor, the law is clear that when construing a insurance clause exclusion, and I'm quoting now from Great American Insurance v. Houlihan, Southern District of 2020, you cannot argue that the main focus quote or gravamen of the underlying action is excluded. What they're saying here is the plaintiffs presented a case based on one theory. But along the way, they presented multiple wrongful, alleged wrongful acts. And Justice Calabresi was right on. It could come that after a trial, a lot of these claims fall away, but the Jaroway claim survives. And the Jaroway claim is a standalone. They're saying that in 2013, while acting as his counsel, Klein and Lameed did two things wrong. You convinced the client to turn away an $8 million offer, and then you told the client to turn away a $12 million offer based on your advice that that Jaroway offer was fraudulent. That's what the complaint states. This is four years before there is an entity that buys Mr. Appelstein's property. It's four years, it's years before there's even a contemplation to seek rezoning. This is 2013. The rezoning started in 2014. Phase 1 started in 2015. This can be read, if you search the complaint, as standalone. And the fact that the complaint only seeks damages for the 2017 is irrelevant because they repeat the allegations in every clause and they have that prayer for relief for any further relief the court deems necessary and proper. That's in there for a reason. And at least the D.C. Circuit has construed that to mean you want me, the court, to try to find any possible claim in this case. And therefore, if they have coverage on that, they have to cover the whole case. Thank you, Mr. Kleinman. The matter is submitted.